**FAMOUS FOODS, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 61–466.

United States District Court
W. D. Pennsylvania.

Feb. 5, 1963.

Wells Fay, Blaxter, O'Neill, Houston & Nash, Pittsburgh, Pa., for plaintiff.

Herman Wilson, Tax Division, United States Dept. of Justice, Washington, D. C., for defendant.

WILLSON, District Judge.

Plaintiff has sued to recover income taxes alleged to be illegally and erroneously assessed and collected from plaintiff. Jurisdiction arises from Title 28 United States Code, Sections 1340 and 1346(a) (1). The amount claimed is $1,647.82 with interest from December 15, 1957 and $1,952.18 with interest from December 15, 1958.

Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania having its principal place of business in the Borough of Sharpsburg, Allegheny County, Pennsylvania and is engaged in the sale at wholesale of foods and foodstuffs to restaurant and institutional users.

As of September 30, 1956, plaintiff had a net operating loss carry forward in the amount of $12,089.57. On or before December 15 1957, plaintiff filed with the District Director its income tax return for the fiscal year ended September 30, 1957, disclosing net income of $5,582.30, which was offset by that much of the net operating loss carry over required to result in no taxable income, leaving a net operating loss carry forward to the fiscal year ended September 30, 1958 of $6,507.27.

On or before December 15, 1958, plaintiff filed with said District Director its income tax return for the fiscal year ended September 30, 1958 disclosing taxable net income of $13,694.53, before application of the net operating loss carry over deduction. After reduction of $6,507.27 of carry over loss, a reported net income of $7,187.26 resulted in an income tax in the amount of $2,156.18. This income tax was duly paid by plaintiff.

Thereafter, and on or about April 2, 1959, the said District Director, after examination and audit of plaintiff's income tax return for the fiscal year ended September 30, 1957, assessed a statutory deficiency against plaintiff in the amount of $1,647.82, which resulted from the addition by the said District Director to plaintiff's income of $12,000 designated by him as "Rental Income".

On or about February 26, 1960, the said District Director, after examination and audit of plaintiff's income tax return for the fiscal year ended September 30, 1958, assessed a statutory deficiency against plaintiff in the amount of $1,952.18, by reason of disallowance of a loss carried over from the fiscal year ended September 30, 1957 to the fiscal year ended September 30, 1958 in the amount of $6,507.27, since the District Director had applied this loss in computing the tax for the fiscal year ended September 30, 1957.

Thereafter, plaintiff made payment to defendant, through the said District Director, of said deficiencies in the respective amounts of $1,647.82 on August 18, 1959 and $1,952.18 on March 5, 1960, with interest thereon.

Plaintiff's contention as to the merits of the $12,000.00 item is summarized as follows:

On February 8, 1957, it purchased from Sanford-Harris Lumber Company, Inc., real property under the written agreement entered into that date. The sale price was fixed at $57,000.00 with $4,500.00 to be paid as hand money. Of the remainder a sum of $40,500.00 was to be paid in cash and the balance of $12,000.00 to be credited to plaintiff Famous Foods in consideration of its granting to Sanford-Harris a rent free lease covering a portion of the premises purchased and which the parties hereto value at $12,000.00 for the full term of said lease. The lease was to be for a 5 year period and was executed and delivered and the land occupied by Sanford-Harris.

Evidence was offered at the trial of the case. Plaintiff sought to show that in fact and reality the purchase price was but $45,000.00. It offered an unsigned sales contract dated February 1, 1957 in which the price was stated as $45,000.00. It also offered to show that in fact the value of the leased ground was

but $6,000.00 over the 5 year period. The person who negotiated the transaction for Famous Foods is dead. No one on plaintiff's side could explain the disparity in the sales price listed in the two documents. For the government, however, one Edward A. Kempfer, Secretary Treasurer, showed Sanford-Harris had recorded the sum of $57,000.00 as the sale price of the property. That was the price shown on the settlement sheet of the Lawyers Title Company, on which was listed the $12,000.00 as "Credit for Lease". On its books and tax returns thereafter, Sanford-Harris showed a capital gain on the transaction. During the next 5 years it took as an expense item, $2,400.00 per year as rental of the leased portion of the premises.

The tax payer says that this court should look behind the transaction as the parties recorded it and infers that plaintiff received no value for the $12,000.00 item, and as a consequence hold that the District Director erroneously made the additional assessment against them. However, I do not see that that can be done. No witness at the trial was able to say why the value of the property was raised from $45,000.00 to $57,000.00, if in fact, the parties had agreed on the lower price in the first instance. But no such agreement has been shown. The only value shown is the value in the executed agreement of February 8, 1957 of $57,000.00. In looking at this transaction from all angles, it is apparent that Sanford-Harris no doubt benefited from a tax viewpoint from the way the deal was negotiated and closed. But that does not assist the plaintiff. Plaintiff must show by a preponderance of the evidence that it is entitled to recover from the United States. It has failed to do so and the conclusion is that the preponderance is on the side of the government. Judgment will be entered accordingly.

This opinion is regarded as comprising the findings of fact and conclusions of law.